## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## ASHLAND

**Civil Action No. 06-160-HRW**

**JOHN H. MAYS,**                                                    **PLAINTIFF,**

**v.**                                             **ORDER**

**ENCOMPASS INSURANCE**
**COMPANY OF AMERICA,**                                   **DEFENDANT.**

This matter is before the Court upon Defendant's Motion for Summary

Judgment [Docket No. 20].   By Order entered on January 11, 2008, the

undersigned referred the motion to Magistrate Judge Edward Atkins for

initial consideration [Docket No. 21].   The Magistrate has since issued a

Report and Recommendation that Defendant's motion, as it pertains to

negligence be sustained [Docket No. 31].   For the reasons set forth below, the

Court finds that Defendant is not entitled to judgment as a matter of law as to

this issue.

## I.    FACTS

This case arises from a motorcycle accident which  occurred in West

Palm Beach, Florida on April 4, 2005.  Plaintiff John Mays and his wife

Bobbie Mays were vacationing in Florida with another couple, Rodney and Tina Justice.   While in West Palm, the two couples were staying at a condominium of another friend, Paul Scanlon.   Justice had vacationed at the condominium in the past and Scanlon gave him permission to use his vehicles, which included a Harley-Davidson motorcycle.

On the day in question, Plaintiff and Justice decided to take the motorcycle out for a ride.  Justice gave the motorcycle a "cursory" look and did not notice any "obvious defect or maintenance issue" [Affidavit of Rodney Justice, Exhibit 2 to Docket No. 22].   Justice then "test drove" the bike for several blocks before Plaintiff got on the passenger seat.  Justice and Plaintiff rode for approximately an hour, stopped for lunch, then resumed their ride back to the condominium.

Plaintiff describes the accident as follows: approximately five to six miles from the condominium, the motorcycle veered onto the right shoulder. Justice steered the bike back onto the roadway.  The bike veered again, striking the guardrail.  Plaintiff was thrown from the bike and landed on a wooden support attached to the guardrail.

Plaintiff sustained broken ribs, a collapses lung, abrasions to his kidney, lacerations to his liver, a compression fracture, severe damage to his spleen which required surgical removal of the same and resulted in permanent scarring.

Plaintiff entered into a settlement agreement with Scanlon by which the policy limits of the insurance coverage pertaining to the motorcycle were paid to Plaintiff.    However, Plaintiff claims that the damages sustained by him exceed the insurance monies he received.

Plaintiff then sought underinsured motorist coverage from his own insurer, Defendant Encompass Insurance Company of America (hereinafter "Encompass").  Encompass, however, declined to pay policy proceeds.

Plaintiff filed this lawsuit against Encompass in Boyd Circuit Court, Boyd County Kentucky.   Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1332.

Defendant seeks summary judgment as to all claims made against it by Plaintiff [Docket No. 20].   In support of its motion Defendant argues that Plaintiff is not entitled to underinsured motorist benefits because there was no negligence involved in the underlying accident.   Thus, Defendant maintains

there is no liability. Defendant also argues that the motorcycle is not an "underinsured vehicle" as defined by the subject policy. In the alternative, Defendant contends that it is entitled to partial summary judgment on the issue of Plaintiff's comparative negligence.

Plaintiff responded to the motion [Docket No. 22].

## II.    REPORT AND RECOMMENDATION [Docket No. 31]

In his Report and Recommendation, Magistrate Judge Atkins recommends that Defendant's motion be sustained as to liability. The Magistrate found that Plaintiff failed to produce any evidence which would require that this case be submitted to a jury on the issue of liability.

The Magistrate then found that the subject motorcycle would be considered an "underinsured vehicle" pursuant to the terms of Defendant's policy.

As for comparative fault, the Magistrate found that this issue is one for a jury, thereby precluding summary judgment.

Plaintiff filed timely, particularized objections to the Magistrate's findings [Docket No. 34], to which Defendant responded [Docket No. 36].

4

Plaintiff did not object to Sections B and C of the Report and Recommendation, which pertain to the status of the motorcycle as an "underinsured vehicle" as defined by the policy and the issue of Plaintiff's comparative fault.  Thus, those portions of the Magistrate's findings shall be adopted as and for the opinion of the Court.

Plaintiff has, however, objected to the Magistrate's finding that the record contains no evidence of negligence and, therefore, presents no triable issue.

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or  refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of

law to the rights and obligations of the parties." *Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984)* (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted).

The Court must view the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiff.  Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the Plaintiff in an effort to determine if any genuine issues of material fact exist.

## IV.   ANALYSIS

In order to qualify for underinsured motorist benefits, Plaintff must demonstrate that he is entitled to recover from an underinsured motorist who was "legally responsible" for the accident.  KRS § 304.39-010 *et seq.*

The insurance policy at issue also provides, in pertinent part:

> [Encompass] will pay damages which any covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
> 1.    Sustained by a covered person; and
> 2.    Caused by an accident arising out of the ownership, Maintenance or use of an underinsured motor vehicle.

(UIM policy, Exhibit A to Docket No. 20).

In other words, pursuant to statue as well as the subject policy, there

6

must be negligence.

The Magistrate correctly noted that the only evidence in the record pertaining to accident are the affidavit of Rodney Justice and the deposition of the Plaintiff.   However, the Defendant argued, and the Magistrate found that the evidence did not prove Justice's negligence in causing the accident. The Court disagrees.

In his affidavit, Rodney Justice describes the subject accident:

> 8.    On the way back [from lunch], the motorcycle bore to the right.  We went off onto the shoulder, which was gravel, and **I could not control it.**  We struck the guardrail where Mr. Mays was ejected and hit the guardrail support.

[Affidavit of Rodney Justice, Exhibit 2 to Docket No.  22](emphasis added).

When questioned as to the cause of the accident, Plaintiff opined "I don't think [Justice] did anything that materially caused the accident." [Deposition of John Mays, p.69]

On its face, the Affidavit of Rodney Justice  presents strong evidence of negligence.   He  stated, without qualification, that he simply  lost control of the motorcycle.

7

Moreover, absent Justice's affidavit  is there any explanation, or excuse, as to why the motorcycle suddenly left the main traveled  portion of the highway striking  the guardrail.  He  does not describe any  adverse road conditions, mechanical failures,  or other unexpected  emergencies that would have excused his failure to control the motorcycle.   Rather, he simply admits "I could not control [the bike]."  Period.

Absent extenuating circumstances, the court could be persuaded that the affidavit conclusively establishes the negligence of Justice.   Indeed, such an argument would not be unwelcome at trial.  At a minimum, the affidavit creates an issue of material fact.   As such, underinsured motorist benefits may accrue.

In its motion, as well as in its response to Plaintiff's objections to the Report and Recommendation, Defendant contends that Plaintiff's deposition testimony is a judicial admission sufficient to rebut any presumption of negligence.  The Magistrate, too, alluded to this argument.

A judicial admission is a "deliberate, clear, unequivocal statement of a party about a fact within that party's peculiar knowledge."  *Greenwell v. Boatwright*, 184 F.3d 490, 498 (6th Cir. 1999)(citations omitted).   A party

8

may not create an issue of material fact by taking a position contradictory to a judicial admission.  Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 815 (3ʳᵈ ed. 1993).  Indeed, a judicial admission can have the effect of "removing a fact or issue from the field of dispute. . . ." *Berrier v. Bizer*, 57 S.W.2d 271, 279 (Ky.2001).   As such, it "may be the underlying basis for a summary judgment." *Id.*

However, such is not the case here.  Plaintiff's deposition testimony regarding the accident, specifically, the negligence of Justice, hardly  rises to the level of judicial admission.   His testimony, couched in terms of what he "thought" falls short of "deliberate, clear and unequivocal."    Rather than an affirmative statement, the much vaunted testimony reads as an equivocation based on lack of knowledge.  A judicial admission it is not.

Moreover, the subject of Plaintiff's alleged "admission" is not something about which Plaintiff was fully and completely  informed.   This case presents a factual scenario which differs from the usual driver-passenger situation where both driver and passenger share a vantage point.   By contrast, here, Plaintff was seated behind Justice.  There is no evidence in the record that Plaintiff shared Justices unobstructed view of the road.   Indeed,

Plaintiff's position was not a favorable one from which to accurately observe what occurred.   As such, his comments regarding the cause of the action are not dispositve of the issue.

## V.    CONCLUSION

Having reviewed the record, and being otherwise sufficiently advised, the Court finds that issues of material fact exist which preclude summary judgment as to the issue of negligence.

Accordingly, **IT IS HEREBY ORDERED**:

(1)    that Sections B and C the Magistrate's Report and Recommendation [Docket No. 31] be **APPROVED** and **ADOPTED** as and for the opinion of the Court;

(2)    that Plaintiff's objections to Section C of the Magistrate's Report and Recommendation are hereby **SUSTAINED** and that portion of the Report and Recommendation will not be approved;

(3)    that in conformity therewith, Defendant's Motion for Summary Judgment [Docket No. 20] be **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forty in the body of this opinion.

10

**IT IS FURTHER ORDERED** that a Pretrial Conference will be

rescheduled upon further Orders of the Court.

This June 4, 2008.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**